■ ELEANOR TAYLOR, as Administratrix of the Estate of JOHN ATKINS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 38793.) — *Per Curiam.* Appeal by claimant from a judgment of the Court of Claims dismissing her claim for damages for conscious pain and suffering and the wrongful death of her intestate. Deceased, 17 years old, sustained fatal injuries on November 14, 1960 while operating a tractor attached to a flatbed wagon upon the return trip from a work assignment to which he and several other inmates of the Woodbourne Correctional Institution had been assigned. The run which was directed to be made by a correction officer in charge of the group required the traverse of a somewhat sharply descending dirt road with reverse curves. After proceeding a short distance thereon the vehicles attained a speed of between 25 and 30 miles an hour and appeared to the officers in charge to be out of control. One of them who was riding in the wagon with the inmates thereupon directed them to jump from the conveyance. Their subsequent manual attempts to restrain its progress were unavailing. The vehicles continued to a point near the bottom of the hill, a distance of about 250 feet from the top of the decline, where they overturned. The driver was found lying to their rear. There was proof that for some months before the fatal accident deceased had been assigned to a work squad engaged in the performance of general farm work in connection with which he had used the tractor to cultivate garden crops, to haul manure and for other purposes in and about the level terrain of the "Lower Farm" area of the institution. During the same period he had also received instruction in the operation of tractors. Before embarking upon the return trip he was specifically told " to keep the tractor in low gear and proceed with caution." On the day of his death deceased had driven the combined vehicles to the work site without incident. A post-accident examination of the tractor disclosed no mechanical defect in its driving, steering and braking mechanisms. It further appeared that the

identical tractor drawing a heavily loaded wagon and driven by other inmates had on prior occasions safely descended the same hill. We cannot say on this record that the driving task assigned to deceased required more skill and experience than that which he might be expected to possess. Hence, no duty owed to deceased as an inmate was breached by the State. Nor can it be found that the correction officers failed to exercise reasonable care in the emergency created by the loss of control of the tractor. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.